Rachel Lederman, SBN 130192
ALEXSIS C. BEACH AND RACHEL LEDERMAN, ATTORNEYS
558 Capp Street
San Francisco, CA 94110
PHONE: (415) 282-9300
FAX: (510) 590-9296
E-mail: rachel@bllaw.info

R. Michael Flynn, SBN 258732
FLYNN LAW OFFICE
1736 Franklin Street, Suite 400
Oakland, California 94612
Phone: (510) 893-3226
Fax:    (866) 728-7879
E-mail: michael@flo-law.com

Hasmik Geghamyan, SBN 283160
GEGHAMYAN LAW OFFICE
1736 Franklin Street, Suite 400
Oakland, California 94612
Phone: (415) 857-5548
Fax: (415) 688-2102
E-mail: geghamyanlaw@gmail.com

Attorneys for plaintiff Melchor Javier Ortega

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR JAVIER ORTEGA,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF COUNTY OF SAN FRANCISCO, and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**42 U.S.C. § 1983**<br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

**I.**     **INTRODUCTION**

1.     Plaintiff Melchor Javier Ortega is a 65-year old Mexican immigrant and retired truck driver. He brings this action to seek redress for violations of his Constitutional rights, personal injuries and other damages caused by the acts of "DOE" defendant police officers and the CITY AND COUNTY OF SAN FRANCISCO, on July 11, 2015.

**II.**     **JURISDICTION AND VENUE**

2.     This action seeks damages and injunctive relief under 42 U.S.C. § 1983. This Court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1343. It has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3.     Venue properly lies within this District under 28 U.S.C. § l391(b). The defendants perform their official duties in this District, and the events and omissions giving rise to plaintiffs' claims occurred in this District.

4.     Plaintiff filed a timely administrative claim with the City and County of San Francisco, in compliance with California Government Code § 910 et seq. The claim was denied on January 20, 2016.

**III.**     **INTRADISTRICT ASSIGNMENT**

5.     Pursuant to Local Rule 3-2, this action is properly assigned to the San Francisco or Oakland divisions of this Court.

.**III.**     **PARTIES**

6.      Plaintiff MELCHOR JAVIER ORTEGA is a resident of the City and County of San Francisco, California.

7.      Defendant CITY AND COUNTY OF SAN FRANCISCO is a municipal entity duly organized and existing under the laws of the State of California.

8.      The individual defendants are sued in their individual capacities.

9.       Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. The DOE defendants include other individuals who supervised and/or participated in the conduct complained of herein. Plaintiff is informed and believes and therefore alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

10.       In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment.

11.     In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

12.     In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

IV.   **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13.     Plaintiff MELCHOR JAVIER ORTEGA lives on the top level of a two-story home with his spouse, Elena Nava Ortega. The Ortegas' daughter and daughter's husband and children live on the lower level. On July 11, 2015, Plaintiff heard the sounds of an argument coming from the lower level. He knew that his son-in-law, often became aggressive when he drank alcohol, and had been violent with his daughter before. Plaintiff asked his son-in-law to calm down, and then went to Lowes to buy a plastic pipe for home repairs.  The loud noises from below persisted while plaintiff was out of the house, and Mrs. Ortega went downstairs to try to deescalate the situation. She saw her son-in-law throw a pan of oil while yelling at her daughter, who was distraught and crying. The Ortegas' grandchildren also appeared distressed.

14.     On previous occasions, Mrs. Ortega had threatened to call the police about her son-in-law's domestic violence, but this time, Mrs. Ortega decided to call 9-1-1. She called at approximately 3:15pm and reported the incident. She described her son-in-law as a tall, fair-skinned, bald man. The CAD log indicates that she

COMPLAINT FOR DAMAGES

described him as "very tall" and without a shirt. Plaintiff, on the other hand, is short, full haired, brown skinned, and was wearing a shirt.

15.   Plaintiff returned from Lowes and went into the garage to cut the plastic pipe he had just purchased with a handsaw. Unbeknownst to him, San Francisco Police (SFPD) officers had arrived and Mrs. Ortega opened the door to let them in. Doe 1, an SFPD officer, walked past Mrs. Ortega, entered the house ahead of her and then opened the inside door to the garage while Mrs. Ortega was still closing the outside gate and main door to the house. Without announcing himself or saying a word, Doe 1 grabbed plaintiff's left arm forcefully. Plaintiff had a prior injury to his left shoulder, and warned the officer to be careful. Doe 2, also an SFPD officer, came in right after Doe 1 and immediately grabbed plaintiff's other arm. Does 1 and 2 forcefully twisted both plaintiff's arms behind his back with such unnecessary and excessive force that plaintiff heard a "pop" and experienced tremendous pain in his left shoulder. Plaintiff cried out in pain, telling Does 1 and 2, "You're breaking my arm!" They had torn his left rotator cuff.

16.   Mrs. Ortega, shocked and bewildered when she saw that the SFPD officers were assaulting her spouse, yelled at them to stop, and that plaintiff was her husband and not the person she had called the police about. She pointed them towards the door connecting to the in-law unit, and the police eventually arrested the son-in-law.

17.   At no time did plaintiff present a threat or do anything to justify the force that defendants used on him.

COMPLAINT FOR DAMAGES

18.    Defendants released plaintiff. A police supervisor came into the scene and apologized for the incident.  As plaintiff was visibly hurt, the police offered to call an ambulance. However, plaintiff is a low income senior citizen and was concerned about incurring an expensive ambulance bill, so he asked the officers if the ambulance bill would be covered. They told him that he would have to pay, so he declined an ambulance even though he was in excruciating pain.

19.    Plaintiff was eventually diagnosed with a full-thickness tear of his rotator cuff tendon. He has been told that he needs surgery in order to re-attach the tendon to the bone by inserting screws in the bone and muscle. Plaintiff will need at least three to four months to recover after the surgery, followed by intensive physical therapy.

**20.**    As a result of the incident, plaintiff experiences ongoing pain and discomfort in his shoulder, which makes sleeping difficult. He is unable to lift his arm, even to shoulder level. He takes pain medication regularly. As a result of this incident, plaintiff has not been able to engage in the usual activities that he enjoys or help his wife around the house.

21.    Plaintiff is informed and believes that the violations of the plaintiff's constitutional and lawful rights complained of herein were the proximate result of a repeated course of conduct by members of the SFPD tantamount to a custom, policy, pattern or repeated practice of condoning, ratifying and/or tacitly encouraging the abuse of police authority, and disregard for the constitutional

rights of citizens, particularly, persons of color, including the rights of the plaintiff.

22.    Plaintiff is further informed and believes and thereon alleges that the constitutional violations alleged herein were the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendant CITY AND COUNTY OF SAN FRANCISCO to the repeated violations of the constitutional rights of citizens by defendant CITY AND COUNTY'S police officers, which have included, but are not limited to, the repeated use of excessive force, racial profiling, and the repeated failure to properly and/or adequately train, supervise and/or discipline officers with respect to the use of excessive force, and racial profiling; the repeated failure by CITY AND COUNTY OF SAN FRANCISCO's high ranking officials, police department managers and/or supervisors to hold officers accountable for violating the rights of citizens; and/or other customs, policies and/or practices subject to continuing discovery.

23.    Plaintiff is informed and believe that defendants DOES 3-13 caused the violation of the plaintiff's constitutional rights as a result of their supervisory malfeasance and/or deliberate indifference to the need for more or different training, supervision and/or discipline of DOES 1 and 2.

24.    As a direct and proximate result of the conduct of defendants described herein, plaintiff has been denied his constitutional, statutory and legal rights as stated below, and has suffered general and special damages, including but not limited to physical injuries and bodily harm, pain, fear, disability, medical and related

expenses, mental and emotional distress, humiliation, embarrassment, discomfort,

anxiety and other damages in an amount according to proof.

25.     The individual defendants' acts were willful, wanton, malicious and oppressive

and done with conscious disregard and deliberate indifference for plaintiff's

rights and safety, justifying an award of punitive damages.

26.     Plaintiff has incurred, and will continue to incur, attorney's fees and costs in

amounts to be determined according to proof.

## V.     CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Unnecessary, Unreasonable and Excessive Force**
**42 U.S.C. § 1983**

27.      Plaintiff re-alleges and incorporates by reference the preceding paragraphs of

this Complaint.

28.     The acts and/or omissions of the defendants, and each of them, individually

and/or while acting in concert with one another, violated plaintiff's right to be

free from excessive force, under the Fourth and Fourteenth Amendments to the

United States Constitution.

29.      Wherefore, plaintiff prays for relief as hereinafter set forth.


### SECOND CAUSE OF ACTION
**Municipal Liability**
**42 U.S.C. § 1983**
**CITY AND COUNTY OF SAN FRANCISCO**

30.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this

Complaint.

COMPLAINT FOR DAMAGES

31.   As against the CITY AND COUNTY OF SAN FRANCISCO, DOES 3-13 and each of them, plaintiff alleges that the acts and/or omissions alleged herein are indicative and representative of a repeated course of conduct by members of the SFPD tantamount to a custom, policy or repeated practice of condoning, ratifying and and/or tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, including the rights of the Plaintiff.

32.   Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein were the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendant CITY AND COUNTY OF SAN FRANCISCO, Does 3-13 and/or each of them, to the repeated violations of the constitutional rights of citizens by SFPD officers, which have included, but are not limited to, the repeated use of excessive force and racial profiling; the repeated failure to properly and/or adequately train, supervise and/or discipline officers with respect to the use of excessive force and racial profiling; policies, practices and customs which encouraged officers to conceal their own misconduct and misconduct by their colleagues and/or which encouraged them to collaborate on accounts of incidents where the rights of citizens were violated; and the repeated failure by CTY AND COUNTY high ranking officials, police department managers and/or supervisors to hold officers accountable for violating the rights of citizens and/or other customs, policies and/or practices subject to continuing discovery.

33.   The aforementioned deliberate indifference, customs, policies or practices of Defendants CITY AND COUNTY OF SAN FRANCISCO, Does 3-13, and/or each of them, resulted in the deprivation of the constitutional rights of the plaintiff, including, but not limited to, the right to be free from unreasonable searches and/or seizures, including the right to be free from the use of excessive force, and the right to equal protection of the law.

COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**
**Supervisor Liability**
**42 U.S.C. § 1983**

34. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

35. DOE 3-13 supervisors knew, or in the exercise of reasonable diligence should have known of DOES 1 and 2's wrongful conduct. The DOE supervisors knew that the wrongful conduct created a substantial risk of harm to plaintiff Ortega yet disregarded that risk by approving, either expressly or impliedly or failing to take adequate action to prevent the wrongful conduct.

36. Plaintiff is informed and believes and thereon states that DOES 3-13, and/or each of them, caused the violation of the plaintiff's federal constitutional rights as a result of their supervisory malfeasance and/or deliberate indifference to the need for more or different training, supervision and/or discipline of Does 1 and 2, to prevent the foreseeable violation of the plaintiff's federal constitutional rights.

37. As a result of said supervisory malfeasance and/or deliberate indifference, plaintiff suffered the injuries and damages alleged herein.

38. WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**Assault and Battery**

39. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

40. Defendant DOES 1 and 2's actions of using unnecessary and excessive force on plaintiff constitute assault and battery under California law.

41. Plaintiff did not consent to defendants' use of force against him.

42. Plaintiff was injured as a result of defendants' use of force, as described herein.

COMPLAINT FOR DAMAGES

-10-

43.     Defendant CITY AND COUNTY OF SAN FRANCISCO is liable in *respondeat superior* for the assault and battery committed by its employees pursuant to Cal. Govt. Code § 815.2.

44.     WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION:**
**Negligence**

45.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

46.     Defendants had a duty of care to plaintiff to ensure that they did not cause unnecessary or unjustified harm to him, and a duty of care to hire, train, supervise and discipline SFPD officers so as to not cause harm to plaintiff and to prevent violations of plaintiff's constitutional, statutory and common law rights.

47.     In doing the acts and/or omissions as alleged herein, said defendants and/or each of them, breached their duty of care to plaintiff, resulting in the injuries and damages alleged herein to the plaintiff.

48.     In doing the acts and/or omissions as alleged herein, said defendants and/or each of them, were acting within the course and scope of their employment with the CITY AND COUNTY OF SAN FRANCISCO.  Therefore, Defendant CITY AND COUNTY is liable under the doctrine of *respondeat superior* for the damages sustained by the plaintiff as a result of the negligence of the aforesaid defendants.

49.     WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**CALIFORNIA CIVIL CODE 51.7 (RALPH ACT)**

50.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

51.     Plaintiff is informed and believes that bias against plaintiff's skin color, race and/or national origin was a motivating reason for the defendants' above-described misconduct toward him.

52.     Defendants' above-described conduct violated plaintiff's right to be free from violence and intimidation by threat of violence because of his race, color, ancestry, and/or national origin, in violation of California Civil Code § 51.7.

53.     Wherefore, the plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 (BANE ACT)

54.     Plaintiff re-alleges sand incorporates by reference the preceding paragraphs of this Complaint.

55.     The acts and/or omissions of the defendants, and each of them, individually and/or while acting in concert with one another, constituted interference, and attempted interference, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

56.     WHEREFORE the plaintiff prays for relief as hereinafter set forth.

## VI.        PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays for judgment against defendants as follows:

1.     For past, present and future general damages, including but not limited to, pain, suffering, disability, and emotional distress to be determined according to proof;

2.     For past, present and future special damages, including, but not limited to, medical expenses and/or other out of pocket losses to be determined according to proof

3.      For punitive damages against the individual defendants, and/or each of them, to be determined according to proof;

4.      For statutory damages and exemplary damages pursuant to Cal. Civil Code §§ 52 and 52.1, to be determined according to proof, and for a $25,000 civil penalty per violation pursuant to Cal. Civil Code § 52;

5.      For pre- and post-judgment interest as permitted by law;

6.      For attorneys' fees pursuant to 42 U.S.C. § 1988 and Cal. Civil Code §§ 52 and 52.1, and/or other authorities, to be determined according to proof;

7.      For costs of suit;

8.      For such other and further relief as the Court may deem just and proper.

## VII. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to each and every cause of action against each and every defendant.

Dated: June 16, 2016          Respectfully submitted,
                              ALEXSIS C. BEACH & RACHEL LEDERMAN,
                              Attorneys
                              FLYNN LAW OFFICE
                              GEGHAMYAN LAW OFFICE
                              /s/
                              By: Rachel Lederman
                              Attorneys for plaintiff, Melchor Javier Ortega

COMPLAINT FOR DAMAGES